# IN THE SUPREME COURT OF IOWA

No. 20–0401

Submitted November 16, 2021—Filed January 28, 2022

**STATE OF IOWA,**

 Appellee,

vs.

**HOLLIS BEAR,**

 Appellant.

---

Appeal from the Iowa District Court for Tama County, Paul D. Miller (motion) and Fae Hoover-Grinde (trial and sentencing), Judges.

The defendant appeals the denial of his motion to dismiss on jurisdictional grounds in a criminal prosecution. **AFFIRMED.**

Oxley, J., delivered the opinion of the court, in which all justices joined.

Martha J. Lucey, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Sean R. Berry, Acting United States Attorney, Lisa C. Williams, Assistant United States Attorney, and Ann O'Connell Adams, Attorney, U.S. Department of Justice, for amicus curiae United States.

Joshua A. Canterbury, Assistant Attorney General, and Christopher M. Nydle, Lead Prosecutor, for amicus curiae Sac & Fox Tribe of the Mississippi in Iowa.

**OXLEY, Justice.**

In 1948, Congress gave the State of Iowa criminal jurisdiction over offenses committed by or against "Indians"[1] on the Meskwaki Settlement. In 2018, Congress took that jurisdiction back. Because Congress's repeal of the state's jurisdiction did not affect criminal cases pending at the time of the repeal, we affirm the judgment against Bear.

## I.

On October 10, 2018, Hollis Bear assaulted his girlfriend in their shared apartment, throwing her to the floor by her hair, striking and punching her, and slamming her head into a wall. On November 16, the State charged Bear with sexual abuse in the third degree in violation of Iowa Code sections 709.1 and 709.4(1)(*a*) (2018), domestic abuse assault causing bodily injury first offense in violation of Iowa Code sections 708.2A(1) and 708.2A(2)(*b*), and criminal mischief in the third degree in violation of Iowa Code sections 716.1 and 716.5. The conduct giving rise to these charges occurred on the Meskwaki Settlement and both Bear and the victim are, for purposes of the relevant statutory schemes, Indians.

In 2018, Congress repealed state jurisdiction over crimes committed by or against Indians on the Meskwaki Settlement. Act of Dec. 11, 2018, Pub. L. No. 115–301, 132 Stat. 4395 (Public Law 115–301); *see also State v. Stanton*, 933 N.W.2d 244, 249 (Iowa 2019). The repeal went into effect on December 11, 2018,

---

[1]As in *State v. Stanton*, we "use[] terms such as 'Indian country,' and demarcations such as 'Indian' and 'non-Indian' only for purposes of consistency with the existing legal framework and nomenclature." 933 N.W.2d 244, 247 n.1 (Iowa 2019).

and Bear moved to dismiss the prosecution against him on the basis that Public Law 115–301 deprived the district court of jurisdiction over the case. The district court denied that motion, concluding Public Law 115–301 did not apply retroactively to remove jurisdiction over pending prosecutions. The parties proceeded to a bench trial on stipulated facts and the minutes of testimony. The court found Bear guilty of domestic abuse assault in violation of Iowa Code sections 708.2A(1) and 708.2A(2)(*b*) and criminal mischief in the fourth degree in violation of Iowa Code sections 716.1 and 716.6, both serious misdemeanors.[2] The court sentenced Bear to two consecutive one-year terms of incarceration and suspended the sentences. Bear filed a motion in arrest of judgment and a motion for new trial, which the district court denied.

Bear appealed, and we retained the appeal. Bear challenges only the district court's jurisdiction to enter judgment after the effective date of Public Law 115–301.

## II.

Absent congressional authority, the state lacks authority to impose its criminal laws against Indians for crimes committed in Indian country. Congress granted Iowa criminal jurisdiction "over offenses committed by or against Indians" on the Meskwaki Settlement when it enacted the Act of June 30, 1948, ch. 759, 62 Stat. 1161 (1948 Act); *see also Stanton*, 933 N.W.2d at 249. Congress repealed the 1948 Act effective December 11, 2018, removing the state's ability

---

[2]The sexual abuse charge was subsequently dismissed because the victim did not want to pursue it.

to enforce its criminal laws against Indians on the Meskwaki Settlement. The only issue Bear raises on appeal is whether the repeal applied retroactively to divest the State of jurisdiction to continue prosecuting his case after December 11.

We addressed this same issue in a companion case, *State v. Cungtion*, ___ N.W. 2d. ___, ___ (Iowa 2022), also filed today. As we explained there, Congress's repeal of the 1948 Act did not apply retroactively to divest the State of jurisdiction to prosecute conduct that predated the repeal. The State therefore maintained jurisdiction to continue prosecuting Bear's October 2018 conduct, and the district court had jurisdiction to enter judgment against Bear.

We affirm the district court's judgment.

**AFFIRMED.**